### DANIELS v. RESTEIN et al.

(Circuit Court of Appeals, Third Circuit. May 2, 1906.)

#### No. 2.

PATENTS—ANTICIPATION—PACKING.
    The Miller patent, No. 524,178, for a packing for steam pistons, consisting of two wedge-shaped sections, which slide upon each other, and widen the strip when pressed upon to form a tight joint, while for a meritorious device, is void for anticipation; the form of construction having been in use in a prior unpatented packing, and the material not being claimed as a feature of the invention.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 131 Fed. 469.

Charles Howson, for appellant.

A. B. Stoughton, for appellees.

Before DALLAS and GRAY, Circuit Judges, and McPHERSON, District Judge.

J. B. McPHERSON, District Judge. This action is brought to restrain the infringement of the two claims of patent No. 524,178, which was granted in August, 1894, to cover certain improvements in the packing that is used around the piston rods of engines. We agree with the conclusion reached by Judge Archbald in the court below, and think it unnecessary to add more than a few words to his very clear and satisfactory opinion. In order to understand completely the scope of the invention, the specification should be carefully read. It is as follows:

    "The object of my invention is to make an improved packing which can be used until the sections forming the packing are completely worn, and which will be steam and water tight, yet will yield sufficiently to avoid undue friction.
    "In the accompanying drawings figure 1 is a perspective view of a section of my improved packing; fig. 2 is a sectional view; fig. 3 is a view of the packing arranged in a stuffing box; fig. 4 is a view showing the packing after considerable wear.
    "A and B are sections, wedge-shaped in cross section, the beveled edge of one section resting against the beveled edge of the other section, so that when pressure is applied one will slide upon the other. The sections, A and B., are made of flexible material, preferably of layers of cotton duck and rubber. The duck and rubber are alternately arranged, and so united under pressure as to make the sections comparatively stiff, yet they will yield sufficiently to snugly fit in the box and against the piston rod. I place be-

tween the two wedge-shaped sections, A and B, a lubricant, preferably finely divided graphite, so that one will readily slide upon the other.

"At the back of the section B, in the present instance, is a cushion, C, made of absorbent material, preferably twisted cotton, which allows for the free action of the wedge-shaped sections, A and B, and is an excellent lubricating surface, and also prevents the packing from becoming hard, and transmits the lateral pressure evenly throughout the series of layers of packing.

"The cushion section, C, is confined in a braided covering, c, and the covered cushion and sections, A and B, are confined within an outer braided covering, a, which holds the several parts of the packing in place, so that they can be readily applied to the stuffing box without requiring careful manipulation and adjustment.

"The packing is either cut in suitable lengths and placed within the stuffing box, one length of packing against another, and so arranged that the wedge-shaped section A of one length abuts the cushion, C, of the adjoining length; or, if convenient, the packing may be coiled into the stuffing box.

"As shown in fig. 3, the packing is cut in lengths, and placed within the stuffing box, D, and the gland, E, is pressed against the packing, and it will be noticed that when the packing is compressed the yielding cushion distributes the pressure evenly throughout the entire length of the packing, and when the sections, A and B, wear, by placing pressure upon the gland the section A will be forced toward the piston rod, and the section B will be forced against the shell of the box, as shown in fig. 4."

It will be observed that the patentee nowhere indicates throughout this specification, nor in the claims hereafter quoted in Judge Archbald's opinion, that he has devised a packing of which the parts will be pressed against the piston rod and the walls of the stuffing box by the force of the steam alone, the gland performing no other function than to bring the parts together. On the contrary, as we understand the specification, he describes a yielding and absorbent cushion, combined with wedge-shaped sections, to which pressure is to be applied by the gland, and we do not see how he can be allowed to extend the invention beyond what is expressly described and distinctly claimed. The claims do nothing more than restate the specification more concisely, differing only in this; that they say nothing about a lubricant, while the specification recommends its use. But the use of a lubricant is not declared to be a part of the invention, even in the specification; and, if it were so declared, we should not hesitate to say that a device so obvious to any one skilled in the art could not be appropriated as if it were the product of inventive labor.

If this view is correct, the claims can undoubtedly be read upon Exhibit A, which is a sample of the packing referred to by Judge Archbald as having been devised by the father of the patentee in 1882. This being so, it is unnecessary to consider the patent to Albert Furse, No. 208,385, granted in September, 1878, and the English patent to Samuel Turner, granted in July, 1891, each of which presents some striking resemblances to the patent in suit. It must, however, be understood that, in adopting the opinion of Judge Archbald as the opinion of this court, we refrain from approving what he has said concerning the relation of the prior art, and particularly of the Furse and Turner devices, to the patent now in litigation, postponing the consideration of that subject to a future occasion, if the controversy shall be continued. Thus limited, the opinion of the Circuit Court (131 Fed. 469) is adopted as the opinion of the Court of Appeals.

The decree dismissing the bill is affirmed, with costs.